PIONEER IRR. CO. v. BOARD OF COM'RS OF YUMA COUNTY, COLO.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1918. Rehearing Denied September 2, 1918.)

No. 4853.

1. WATERS AND WATER COURSES ☞257(2)—IRRIGATION—RATES.

Irrigation company could not complain if rate fixed by board of county commissioners under the Colorado Constitution and statutes for the use of water was an adequate return for its services and on the value of its property, even if the board erred in its method.

2. WATERS AND WATER COURSES ☞257(2)—IRRIGATION—RATES.

Where value of irrigation ditch was $19,375, its annual maintenance $2,000, not apportioned as to its users in Nebraska, it could not be said that a rate of $1.83 per acre for 695 acres of Colorado land was not a reasonable return on investment devoted to use of Colorado consumers.

3. WATERS AND WATER COURSES ☞257(2)—IRRIGATION—RATES—REASONABLENESS.

Denial of irrigation company's allegation of value of water furnished to Colorado users in Yuma county made it impossible to say that rate fixed was not fair, even if company was entitled to payment for value of water furnished, as rate might be sufficient to include that item above return on capital applied to particular use.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit in equity by the Pioneer Irrigation Company against the Board of County Commissioners of Yuma County, Colo. From a decree dismissing the bill (236 Fed. 790), plaintiff appeals. Affirmed.

Edwin H. Park, of Denver, Colo. (Thomas H. Gibson, of Denver, Colo., on the brief), for appellant.

Jo. A. Fowler, of Denver, Colo., for appellee.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. This suit was brought to restrain the enforcement of a rate fixed by the board of county commissioners of Yuma county, Colo., for the use of water furnished by an irrigation company. The court entered a decree dismissing the bill, and the irrigation company, hereafter called plaintiff, appeals.

The suit was submitted upon the bill and answer, and a stipulation of facts. That stipulation and the briefs state that the only question involved is whether the county board in fixing the rates to be charged should have taken into consideration the value of the water delivered to the consumers. The Constitution and statutes of Colorado empower the county commissioners to fix the reasonable maximum rates to be charged for the use of water.

The plaintiff was a corporation that had constructed an irrigation ditch in 1890, and it had procured two decrees in the state court of Colorado fixing the date of diversion, its order of priority, and the amount of water that the company was entitled to divert into

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

its ditch, for irrigation purposes, from the natural stream that it tapped. For many years it had operated its ditches and furnished water therefrom to a large class of users, who occupied lands adjacent to its system of ditches, and who paid an annual amount to the company without any other contract than a receipt for the money paid and an agreement to conform to the rules of the company in distribution, measurement, and application of the water.

The plaintiff's ditch is 15½ miles in length, of which 7 miles is located in Colorado and the remainder in Nebraska. In Colorado, there are 791 acres of land that can be irrigated from this ditch; 96 acres of this area are irrigated therefrom under water rights purchased from plaintiff. The county board fixed the rate of $1.83 per acre for those using water, other than the owners of the water rights. The bill alleged that this rate was confiscatory and did not allow plaintiff compensation for the use of the capital invested; but the answer denied these allegations. The bill alleged that the value of the plaintiff's ditch, headgates, and other appurtenances was $26,175, but that the county board arbitrarily deducted $6,800 therefrom; that the expense of maintenance of the ditch was $2,500. The answer also denied these allegations. The bill alleged that the value of the water carried by plaintiff to the owners of these 695 acres of land in Colorado is worth $34,750, and that the plaintiff is entitled to a return of 7 per cent. per annum upon the value of this water. The answer denied that the water carried was of this value. The bill alleges, and the answer admits, that the county board fixed a valuation on plaintiff's ditch and its appurtenances of $19,375, and an allowance of $2,000 for maintenance. The bill further alleges, and the answer admits, that the county board, in fixing the rate, refused to consider the value of the water carried by plaintiff's ditch, or to allow it any compensation for the water furnished.

The stipulation of facts adds nothing material to the admitted facts thus set forth in the pleadings. In this state of the record the plaintiff asserts that it was entitled to an injunction against the enforcement of the rate fixed, because that rate did not include compensation for the value of the water furnished. It is claimed that under the Constitution and statutes of Colorado, as construed by the Supreme Court of that state, the water in such a ditch belongs to the company which has diverted and carried it, and it may sell it and collect a reasonable charge therefor. The defendant claims that the water, under these circumstances, belongs to those patrons of the ditch who apply it to a beneficial use, and therefore the plaintiff may not make a lawful charge for its value.

[1-3] This question is not involved in the issues of the suit and for that reason we express no opinion in regard to it. The plaintiff has nothing of which to complain, if the rate fixed by the board is an adequate return for its services and on the value of its property, even if the county board erred in the method of arriving at the rate. In ascertaining whether the rate of $1.83 per acre for the 695 acres of Colorado land was a fair rate, we have a finding of the value of the ditch structure of $19,375, and an annual expense of

maintenance of $2,000; but there is no statement of the amount of this value or expense that is apportionable to the users of water in Nebraska or Colorado. Without an allocation of this capital or expense, it cannot be said that the rate of $1.83 per acre for the Colorado lands is not a reasonable return to the company on the amount of its investment devoted to the use of Colorado consumers. Texas & P. Ry. Co. v. Railroad Commission, 192 Fed. 280, 112 C. C. A. 538; Southern Pac. Co. v. Railroad Commission (D. C.) 193 Fed. 699; Louisville & N. R. Co. v. Railroad Commission (D. C.) 208 Fed. 35; Missouri, K & T. Ry. Co. v. Love (C. C.) 177 Fed. 493. The denial of the allegation of the value of the water furnished to the users of water in Colorado makes it impossible to say that the rate fixed is not a fair one, even if the plaintiff is entitled to payment for the value of the water furnished, for the rate fixed may be sufficient to include that item in addition to a return on the capital applied to the particular use.

The decree will therefore be affirmed.